UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOEL SAUL, an Individual, | Case No. 6:23-cv-01045-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., a corporation, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Before the Court is Defendant St. Charles Health System, Inc.'s Motion to Compel and for Sanctions (ECF No. 17). For the reasons below, Defendant's motion is denied as moot with respect to the motion to compel and granted as to the motion for sanctions.

## BACKGROUND

Plaintiff brought this action on July 17, 2023. ECF No. 1, and Defendant answered the Complaint on November 29, 2023. ECF No. 7. On January 8, 2024, prior to the scheduled Rule 16 conference, Defendants filed a joint proposed pretrial order noting that the parties agreed to waive initial disclosures required under Fed. R. Civ. P. ("Rule") 26(a)(1) and Local Rule 26-7. ECF No. 10. The next day, the Court held a Rule 16 conference and set a discovery deadline of August 16, 2024. ECF No. 11. On August 15, 2024, the parties jointly moved to extend discovery of pretrial deadlines. ECF No. 15. That motion noted that Plaintiff's deposition was

Page 1 — OPINION AND ORDER

scheduled for August 30, 2024, and that Plaintiff had agreed to provide initial disclosures in advance of the deposition. *Id*. On August 16, 2024, the Court granted the motion, extending the discovery deadline to October 7, 2024. ECF No. 16.

On August 29, 2024, the day before Plaintiff's deposition, Plaintiff served Defendant with his initial disclosures. Yelnosky Decl. Ex. C, ECF No. 18. Plaintiff represented that he was unable to locate certain documents supporting his claim for economic damages. *Id*. However, during the August 30, 2024 deposition, Plaintiff revealed he did have such documents. Yelnosky Decl. Ex. D.

On September 9, 2024, Defense counsel followed up with Plaintiff's counsel regarding the incomplete disclosures and outstanding discovery. Yelnosky Decl. Ex. E. She requested that Plaintiff counsel inform her by September 11 when Defendant could expect the outstanding discovery. *Id*. Plaintiff's counsel did not timely respond. On September 12, 2024, Defense counsel followed up with Plaintiff's counsel, explaining that in light of the impending discovery deadline of October 7, 2024, they would need to seek the Court's assistance to address the discovery issues. *Id*. Plaintiff's counsel responded that she was actively retrieving the documents and would need until the early part of the week of September 16. *Id*.

On September 16, 2024, Defense counsel emailed the Court pursuant to the Court's informal discovery dispute policy, requesting the Court's assistance in obtaining outstanding discovery from Plaintiff. Plaintiff's counsel responded the documents would be produced by September 18, 2024. Via email, the Court granted Defendant leave to file a motion to compel and for sanctions if Plaintiff did not produce the documents by that date. On September 19, 2024, after Plaintiff did not produce the documents at issue, Defendant filed this motion. Plaintiff did not file an opposition.

On September 30, 2024, the parties jointly moved to extend discovery and pretrial deadlines. ECF No. 19. The motion stated that Plaintiff had supplemented his initial disclosures on September 20, 2024, the day after Defendant filed this motion. *Id.* The Court granted the motion for extension to allow time to complete Plaintiff's continued deposition, extending fact discovery until December 9, 2024. ECF No. 20.

## DISCUSSION

Defendant moves to compel Plaintiff to produce documents required as part of Plaintiff's initial disclosures under Rule 26(a)(1) and Local Rule 26-7, and seeks sanctions based on Plaintiff's failure to produce them. Based on the September 30, 2024 representation that Plaintiff supplemented his initial disclosures on September 20, 2024, ECF No. 19, Defendant's motion to compel is denied as moot.[1]

Turning to Defendant's motion for sanctions, Rule 37(c)(1) authorizes district courts to impose monetary sanctions for unjustified and harmful discovery failures. District courts have particularly wide latitude to exercise their discretion in issuing sanctions under Rule 37(c)(1). *R&R Sails, Inc. v. Ins Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012).

Here, based on the conduct summarized above, the Court finds that Plaintiff failed to timely provide discovery required by Rule 26(a) and Local Rule 26-7, and sanctions under Rule 37(c)(1) are appropriate. Rule 37(c)(1)(A) authorizes the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Defendant represents that Plaintiff's failure to timely produce initial disclosures has caused Defendant to incur costs

---

[1] The Court understands from this submission that the parties may still have a dispute about whether additional information is still needed from Plaintiff. However, Defendant did not supplement its motion to compel to address this issue and the record is therefore insufficient for the Court to address it. Defendant has leave to file an additional formal motion should Plaintiff have failed to timely produce any additional required discovery.

associated with bringing this motion and for continuing Plaintiff's deposition based on the delay in Plaintiff's production. Plaintiff offers no explanation for his failure to timely produce initial disclosures, nor any argument that such failure did not harm Defendant. In fact, Plaintiff did not oppose this motion at all. Defendant's motion is granted, and Plaintiff is ordered to pay Defendant's reasonable expenses incurred related to this motion and the continued deposition of Plaintiff.

## CONCLUSION

For the reasons above, Defendant's Motion to Compel and For Sanctions (ECF No. 17) is DENIED AS MOOT with respect to the motion to compel and GRANTED as to the motion for sanctions. Defendant is ordered to file an application for fees and costs authorized by this order within 14 days of the completion of Plaintiff's continued deposition or the date of this order, whichever is later.

DATED this 22nd day of October 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge